Mr. Bacchus and Mr. Florentino. Good morning, Your Honors. Andy Bacchus on behalf of Adelphia Gateway. I reserve four minutes for rebuttal. That's fine. It's a very counterintuitive case. It is. But the more and more we dig, it seems like perhaps my perception of counterintuitiveness may be wrong. And so we'll explore that. But the question here is, I guess, just to tip my hand, when should you have gone to federal court to say that there was not jurisdiction? When Adelphia was harmed. And that didn't happen until the EHB began to assert jurisdiction, which was at the same time we filed our complaint. I think it's important to know that, as Your Honor knows, federal courts have Article III standing limitations. And it's not until Adelphia was harmed that it could come to court. When was it harmed? It was harmed when the EHB began to assert jurisdiction and asked for a status conference following the remand. And as this court has held in Northeast Hub, having to participate in a preemptive process can be harm enough. And as this court knows, with respect to the abstention doctrines, federal courts have a virtually unflagging obligation to assert jurisdiction. And prudential doctrines should not be used to incentivize an end run around a congressionally mandated framework. Here we start with the text of the Natural Gas Act. And the text is clear. The text says that for interstate natural gas pipelines, you start when pipelines serve the interstate network. Any challenges to environmental permits for those projects are subject to the original and exclusive jurisdiction of federal appellate courts. That's here. Should that have been the first stop? Yes, absolutely. That should have been the first stop. Unhappy with that remedy, the individual appellees chose a separate state agency to bring their challenge. And then they brought an appeal from that to the Pennsylvania Commonwealth Court. They prevailed. They prevailed, but it was on grounds that didn't address preemption. In your world view, none of those agencies or courts had jurisdiction over this? Correct. Yes. Because the only folks with jurisdiction over this from the jump were the circuit courts. Correct. Yes. Let me just see if I can review the bidding. You get the plan approval. The township and two individuals go to EHB and they appeal. What did you do before EHB? Did you say to EHB itself, you have no jurisdiction? Yes, we did. We immediately filed a motion to dismiss and asserted that the EHB was without jurisdiction. Not only did the DEP concur with that request, they joined in it, and the EHB agreed. And so what we have here is a situation in which the two environmental agencies in Pennsylvania both agreed that the EHB was without jurisdiction. As this court found in Delaware Riverkeeper number three, once Pennsylvania DEP makes a decision, it's final. So then why didn't you come to us, so to speak, at that point? Because the EHB agreed. What we have here is a situation in which if the judicial system were set up in a way that if folks disagreed with the forum they were in, if it required people to go to a different court and seek an injunction, that's not an orderly function of how courts are supposed to operate. But ultimately the Supreme Court, the Pennsylvania court, ended up with jurisdiction. We filed a petition for allowance of appeal with the Pennsylvania Supreme Court. Notably, the Supreme Court about a month or so ago issued an order holding its decision whether or not to take the appeal in advance pending the result of this case. Right. Did you argue before the Commonwealth Court that it lacked jurisdiction? Our argument before the Commonwealth Court was that because the EHB does not issue permits, and so therefore an appeal of the EHB decision is not an appeal by an agency that issues permits, that the Commonwealth Court has jurisdiction over that appeal, simply as it has jurisdiction over other improvidently filed EHB appeals. And that's when you start getting into your 1738 problem, because that requires us to give preclusive effect to Commonwealth, or a district court to give preclusive effect to Commonwealth Court decisions. I think there's a way around that, and that is because the Commonwealth Court in its decision didn't really address preemption. In fact, their discussion, they say that this matter can be resolved solely on the question of whether or not the EHB proceeding below was a civil action. The Commonwealth Court did not address Schneiderwind, which is a U.S. Supreme Court case that says state law is preempted under the Natural Gas Act, unless it is one of the three environmental statutes that's reserved under the Natural Gas Act. The Court simply didn't address it. Did you argue before the Commonwealth Court that 1738 is repealed by the 717 of the Natural Gas Act? Our argument before the Commonwealth Court was that the EHB review process is preempted because state laws are preempted, and there is no room for the EHB review because under the five Delaware Riverkeeper Network decisions. And that's where you started getting into the problem because, as you know, there's a Supreme Court decision in 2006 saying that the Court is unaware of any federal statute that has expressly repealed 1738. Well, I get where you're coming from. That's why I say it's counterintuitive because the way 717 reads, it sounds like you don't go to state court. You don't go to even district court. You go to the appeals court, period. But once you go about participating in the state court process and you have a decision, 1738 becomes a very formidable statute. Well, I think we need to remember the equities of the situation and that the prudential doctrines that the Court below used are prudential in nature for a reason. Here we have a situation. And in 1738, there ain't nothing prudential about 1738. Well, the point I want to make here, though, is that it is the individual appellees that chose to bring Adelphia into state court. And the Commonwealth Court did not ask for – there was no briefing in terms of the overall – there was no discussion in the Commonwealth Court decision regarding the overall briefing. And that's why I'm just coming back is what would I have – in hindsight, I'm not sure I've done anything different in your shoes, but in hindsight, when would I have gone to federal court in order to be sure that there wasn't a state court judgment against me? My guess is it would have been EHB sends it back or says we don't have jurisdiction. That is appealed. And would that not have been the time to go to the district court saying, whoa, whoa, wait a minute, because the minute you get a state court judgment against you, you're now in collateral stockoland. I think the challenge here, though, is that district courts have Article III standing. And so presumably we'd have to argue that having to participate in the state court process is somehow a harm. But the reality here then, again, goes back to Northeast Hub, that having to participate in the process is harm itself. There is – I'm not sure I was citing your briefs, and maybe you would know. There's a case that was decided when Judge Paul Niemeyer was a district judge called Wiener, W-E-I-N-E-R-B, Blue Cross of Maryland. It's at 730 F-SUP 674 back in 1990. And he takes on this very issue and says that it's all about federalism. And when you have a state court deciding something, it's – and it's essentially what you're asking a federal court now to re-look at, in effect re-litigate. You're out of luck because federalism is a very important concept under our constitutional system. And combine that with a Supreme Court saying that we don't know of any law that has ever expressly overruled 1738. So I'm not sure how to get out of dodge here. Well, I think there's a couple of ways to get there. And one is to think through the Commonwealth Court's exercise of jurisdiction to begin with, that if their theory is right that the EHB somehow is the agency that issues permits, even though that's inconsistent with the Environmental Hearing Board Act, and even if their theory is right that somehow they have a process of somehow granting or conditioning permits, which they don't because they don't issue permits. They issue adjudications. If their theory is right, then the Commonwealth Court never had jurisdiction. And to think of it from a black-letter law perspective, parties can never consent to jurisdiction that doesn't exist. And so if the Commonwealth Court is right, then they didn't have jurisdiction to begin with. And if they're wrong, and we think there's a lot of reasons why they're wrong. That's the blink response. You can't create jurisdiction. But apparently in this context, once you get a state court judgment with respect to something that you've got a very, I keep saying this formidable statute, and I keep trying to think, what could you have done that would have obviated the issue preclusion matter? And the only thing I can really think of is don't let there be a state court action filed in federal court before there is a state court judgment. I think another way, Judge Ambrose, to think about it perhaps is through the Supremacy Clause, that if there were a situation in which Congress is trying to. But that sounds like, yeah, we're into, you know, whether they're, well, I mean, I keep using the word, instead of Supremacy Clause, there's one supersede. But it sounds like we're being told by the Supreme Court that there's not a whole lot to supersede 1738. Unless it's express, unless it's express. And the argument you would make is 717 is express, but you've got a decision of a state court that, under federalism construct, is able to avail itself of issue preclusion arguments. And when you get into the issue preclusion arguments, they seem like it's, you know, identity of issue, you know, the parties, et cetera. It's tough to make that argument that this is not the same case we litigated. That's the concern. So I come back to your point, the blink response. But wait a minute. It says there's no jurisdiction. I mean, in effect, for state and federal courts. By implication, you go to the appeals court. Tell me how I get around the conundrum. Yeah. So I think another way to look at it is under the Natural Gas Act. This is the gas act in whole through Schneider Wind, which is not just 717 RD1, but the full Natural Gas Act. That Congress has completely preempted state roles through here. And so if parties can simply avoid preemption entirely by going to state court and rushing there, then it's the absolute opposite of what Congress attempted to do in establishing the Natural Gas Act, which was to eliminate the series of sequential administrative and state appeal court processes. And so individual appellees will have been successful in establishing an oasis in state court that Congress explicitly chose to avoid under the Natural Gas Act. What is it you want us to say in this? What's your bottom line? The bottom line is that this court should remand the decision back to the district court and, in fact, remand with instructions to issue an injunction. We think this is a pure. Can the district court do that or do we have to issue the injunctions? The district court doesn't have jurisdiction over this. I think you can do both. Does the district court have jurisdiction over these cases or not? I think they can. If you look to Millennium v. Seggos, which is a southern district of New York decision, I'll have the citation here momentarily. You've been arguing that we have original jurisdiction, we being the circuit courts. Original jurisdiction over an order of an agency that issues permits. The EHB is not that agency. If we look to Millennium Pipeline v. Seggos, it's 288 Federal Supplement 3rd, 530. In that case, the district court exercised jurisdiction to enjoin a state agency that was not acting pursuant to federal law. Federal courts always have the ability to enforce federal law. We think the district court respectfully got it wrong when the district court below in the middle district said that they didn't play along. You argued preemption to the Commonwealth Court that in effect 717 supersedes, correct? That is what we argued, but that is not what the Commonwealth Court decided because they decided solely on the issue of civil action. I thought they said that it was not preempted by the National Gas Act. Respectfully, if you look, this is on page 257, Atlantic 3rd, 805. This is page 813. Judge Brofson said, this matter can be resolved solely on the question of whether the EHB proceeding below was a civil action that should have been brought in the Third Circuit. Our argument, and again, because this was related to the Commonwealth Court's request for supplemental briefing, their request wasn't about, does the Natural Gas Act preempt the EHB review? Their request was, does the Natural Gas Act preempt this court's exercise of jurisdiction, meaning the Commonwealth Court's exercise? And our response was no, because the EHB is not the agency that issues permits. All right. Well, why don't we hear from your opposing counsel, and we'll get you back on rebuttal. Thank you, Your Honors. Mr. Ferentino. Good morning, Your Honors. Michael D. Fiorentino. I'm representing Cliff Cole, Pamela West, Kathy and Brian Weyerbach, and Christine and Todd Shelley. From our perspective, the district court found abstention and collateral estoppel to be appropriate bases to grant or motion to dismiss. We're not going to spend a whole lot of time on abstention, because one thing that Colorado River makes very clear is that a court is not to abstain from exercising its jurisdiction if it has it. It has to be the very rare case. So I think the focus here should be on issue preclusion. All right. Thank you, Your Honor. I mean, unless my colleagues have any questions on preemption. Thank you. We believe, or abstention, I'm sorry, with the collateral estoppel theory, that that was an appropriate basis consistent with Third Circuit precedent and with a full understanding of the prudential nature of the doctrine, as well as cognizance of the federal court's general obligations to accept jurisdiction. The decision was sound and should be affirmed, because at the end of the day, it is the same case that was heard at the Commonwealth Court that Adelphia brought to the federal district court. The distinctions they've tried to raise are little more than semantics, and they're not entitled to a second bite at the apple. What about this preemption concept, and that the statute reads pretty clearly that the original jurisdiction is with the circuit courts? How do the state courts have jurisdiction over this? Well, thank you for that question. First, I'd like to respond that the question of preemption was very heavily engaged at the state Commonwealth Court. It was argued extensively. It was in the framing of the issues. It was in their arguments. And we responded with the opposite perspective before the Commonwealth Court. And, in fact, the Commonwealth Court ---- The question is, really, what did you respond on that particular merits point? Yes, on the merits point, Your Honor, we did an analysis of the circuit's cases, handling the 717RD1 question on jurisdiction through the Delaware Riverkeeper line, but also, very importantly, in light of the Township of Bordentown decision, which was made and delivered ---- published, rather, a single day after the Delaware Riverkeeper 3. And in the Bordentown case, that was the first time in the ---- And it was the first time that what was brought before the court was, let's take a look at what civil action means in that jurisdictional provision of the law. Let's analyze it. And the court did that very extensively to determine, and they came to the determination, that a civil action is specifically referring to a court of law or equity, that a proceeding before a court of law or equity is necessary based on Pennsylvania Supreme Court rulings. Basically, administrative proceedings are not civil actions. Basically, administrative proceedings are not civil actions. Correct. And they said, I think, in the sense that they were applying judicial economy, when you realize that you have a three-part test and you must satisfy all of those criteria and you fail on the first one, there's no necessity for a court to go forward and spend 20 or 30 pages analyzing the second and third prongs because it doesn't get you there. But that's what Adelphia has been asking or saying that the court should have done. And that's why they didn't get a fair opportunity. They claim they don't have a full or fair opportunity to litigate. That's one of the prongs of collateral estoppel. They say they didn't have that opportunity because the Commonwealth Court didn't go through an extensive analysis of parts two and three. Well, they never needed to. They couldn't make the jurisdictional provision stick because it wasn't a civil action. And they relied heavily on your court, on this court's precedent, the Township of Wardentown from 2018. How do you distinguish that only with river keepers? Because some people can claim that the two are in tension. Some claim that the two were. Yes, it is. I'm very sorry to argue. I think the three river keeper decisions.  Well, it's very interesting, Your Honor. In those three river keeper decisions, I don't believe the question of whether the appeal in those cases was a civil action was ever analyzed. I don't think it was ever argued. I don't think it was raised by the petitioners. And so there was never taken up by the court. So it's no surprise that we don't get to the question of civil action, that aspect of the jurisdictional prong, until Township of Wardentown. But I would point out that, at least in a couple of those river keeper cases, the court was dealing with a petitioner that was bringing parallel appeals. So if the Third Circuit was in a scenario where, yes, there had been an appeal filed in the Environmental Hearing Board, but there's also an appeal filed here in this court, I think the correct analysis is, well, you've already filed in court. You're in front of us now. The law says that we have exclusive and original jurisdiction. We'll take this appeal. And we'll rule on the merits, which I believe is what happened in those cases. That's not at all what happened in our case, where my clients and there was a township involved as well initially. We brought our appeal directly to the Environmental Hearing Board alone. And as you've heard, there was a motion to dismiss file. EHB looked back to the DRK cases and said, all right, we don't have the jurisdiction. At that point, and this is standard Pennsylvania procedure, any appeal that you want to bring from the Environmental Hearing Board goes to the Commonwealth Court. And I think the Commonwealth Court analyzed, as we requested, on the issue of preemption. And they, I think something like 14 times, they raised the issue of preemption. The word shows up 14 times in their decision. And contrary to what counsel has indicated, they're holding mentions preemption. And I quote from 257A3-820, Section 717RD1, by its express terms, precludes state court review, i.e., this court's review, Commonwealth, of permitting decisions by DEP that fall under the scope of the provision. It does not preempt the Commonwealth's administrative review process, which vests within the EHB the authority to conduct administrative reviews of DEP permitting. That review remains available if desired. That's the Commonwealth Court's ruling clearly addressing and grappling with the notion of preemption. So full and fair opportunity to litigate is there. It's the same parties, the same legal issue. I think the issue framed as, if you look at Judge Conner's decision, he sets out some specific quotes of what the issues were at Commonwealth Court as framed by Adelphia and how they framed it at the district court. I think the elements are there for collateral estoppel. With regard to the, well, I point out one other thing, Your Honor, that Adelphia is now saying, I heard counsel say that the Commonwealth Court never had jurisdiction below to take up the case, but they never argued that before the Commonwealth Court. It shouldn't be heard to make that argument for the first time here in this court. Well, if they argued preemption, I'm assuming that meant no jurisdiction. The argument for preemption was, well, as noted, their argument was that the EHB was preempted. They were simply trying to continue to support the EHB determination. Those were the arguments of Adelphia at that point, that EHB did not have jurisdiction. Not that the Commonwealth Court didn't have it, because, in fact, in supplemental briefing, Adelphia did indicate that they believed the Commonwealth Court was in a position to rule on our appeal. Did Adelphia argue before the Commonwealth Court that 1738 is repealed by 717-R? They did not, Your Honor. That was never raised in front of the district court, and we did not raise it either, frankly. Are there federal statutes that govern whether the Court of Appeals can review permitting decisions regarding pipelines? Your Honor's question is whether there are other statutes that indicate that that can be done. Federal statutes. I'm not 100 percent sure I understand your question. Are there federal statutes that govern whether the U.S. Court of Appeals have exclusive jurisdiction to review permitting decisions? Whether there are any others that might apply in some different context other than the Natural Gas Act, I couldn't say. But in the context of this controversy and this law, I would point out that even though the exclusive jurisdiction, original and exclusive jurisdiction in the Third Circuit is the heart of the purpose of 717-RD1, it is not comprehensive. It creates exceptions. Those three criteria must be satisfied, the first of which is right out of the gate, it has to be a civil action. It does not foreclose administrative appeals. Now, that may not be to the liking of Adelphia or other pipeline companies, but the fact of the matter is you get the language that you get. That's the plain language of the statute. That's what Congress wrote. They clearly intended that there be room, if all the criteria are not met, for other types of process to go forward to hear appeals of permits. And if I may, there's one important thing that you'll note. There's in the arguments of Adelphia, they will say that they are given no choice, no other place to go. And Your Honors question, you know, what was the proper procedure? When should they have come to the federal court and so forth? But the fact of the matter is they don't see a path to get to the federal court if we are to get what we want, right? If the Commonwealth Court is upheld, if the District Court is upheld, they say, well, Your Honors, we have no path to make the Natural Gas Act work. And we disagree. While they cannot directly appeal an Environmental Hearing Board decision to this court. Who would decide whether there's a path or not so that they can file an appeal if they wish to do that? Well, it probably would fall to this court ultimately. The Commonwealth Court ruled, and that does have the preclusive effect that 1738 can provide to it. But in the context of them having no future or future pipeline companies not having a path to the circuit court, if the Pennsylvania Environmental Hearing Board is allowed to review the DEP permit, that's just not the case. And here's why. The process is the EHB, if they give a full hearing to appellants, they take additional evidence. They allow for cross-examination.  And they would order the DEP to revise or condition their permit consistent with the EHB ruling. Now, DEP will then take up that mantle and they will make the revisions as directed by the court. They will then publish that, essentially issuing that new conditioned permit to Adelphia in this case. And it will be published. And that is the DEP final action that Adelphia can then appeal directly to this court. They will still have a path. So had they lost in front of the board, they would come to the circuit. But because they won in front of the board, they can't come to the circuit. Well, that's where you do – I mean, that's just – I think that is the way the process has to run its course. I'm just trying to understand the process. Right. Because if they win – Which they win in front of the board here. Correct. Okay? So you folks take the appeal to the Commonwealth Court. Correct. If they had lost and you had won, they could come to the circuit. If they had lost at the Commonwealth Court? No, no, no. In front of the board. EHB. Yeah. If they had lost in front of the EHB, they would then be faced with the decision whether to follow the standard Pennsylvania administrative procedure, which is go to the Commonwealth Court, or avail themselves of 717-R. Now, I do understand that does create a bit of a difficulty for them. As I said, if they lost at EHB, they wouldn't be able to appeal immediately to EHB. They would have to wait for the DEP to effectuate the EHB's directions into the actual permit document. They could then say, this permit document is not consistent with law from our perspective. Let's go to the Third Circuit. Great. Thank you very much.  Mr. Marcus. Did Adelphia acknowledge to the Commonwealth Court that it, the Commonwealth Court, had jurisdiction to decide the jurisdictional and preemption issues? Our supplemental brief argued that the EHB process is fully preempted and that there is no room for EHB review, because that's what the Commonwealth Court asked for. So, did you acknowledge that the Commonwealth Court had jurisdiction to decide the jurisdictional issue that you brought up and the preemption? No, because that's not what the Commonwealth Court asked for. When I look at footnotes 11, I think it's 11 or 18 of the Commonwealth's opinion, it says that you did acknowledge that. It's important to look at the court's supplemental order for briefing, in which they asked for briefing on whether or not Section 717RD1 preempted the Commonwealth Court from jurisdiction. And our argument to the Commonwealth Court was that they always have jurisdiction over EHB decisions, because one, an EHB decision is not an order or issuance of a permit in Pennsylvania. And so when we put this together, it's a couple of step process. Point number one, can't forget that the Natural Gas Act, as recognized by the U.S. Supreme Court, preempts state regulation, state environmental regulation, unless that environmental regulation is pursuant to one of three statutes. The EHB does not operate pursuant to that statute. And so what we have is a situation in which the EHB is fully preempted. This is no different than if somebody appealed an elevator permit to the Environmental Hearing Board. EHB never has jurisdiction over elevator permits. That's not environmental. But nobody would go to the Commonwealth Court and say the Commonwealth Court doesn't have jurisdiction over that. It's just, no, the EHB didn't have jurisdiction over it. There are certain times when you can argue you're in the wrong place. And if you let the tribunal in that place decide and it goes against you, you then have an issue preclusion problem. That is this case. That's the concern. And that's why I keep coming back is what would I have done in your shoes with hindsight, with hindsight? Because I'm not sure I would have done a whole heck of a lot different as you did it at the time. But in hindsight, it would appear with the strength of 1738 that before the Commonwealth Court could decide something, you'd say, whoa, whoa, whoa, we don't belong here. You know, we won. The EHB doesn't have jurisdiction. They said that. And we've had enough with state court. We're going to go to the federal court because 717 tells us we can. Then you never have an issue preclusion problem. Now, you probably still would have been met with a Colorado River abstention issue. But I think, speaking only for myself, you would have won on that. I think there's a few other considerations to keep in mind that, you know, going in the time machine and thinking what would Adelphi had done differently. We would have a concern about the Anti-Injunction Act, which is a limitation on federal courts in joining state court proceedings. And so we have a catch-22 there. Another thing to think about is the purpose. Your point is there's a place to get this decided. The place to get it decided under 717-R is in a federal court of appeals. There's a good question, though, as to how does one appeal when they're not harmed? Basically, you filed an action at the district court. I'm just saying, in hindsight, as I try to think through this, it seems that maybe the best time to have filed that district court action that you ultimately prepared and filed was sooner than you did. I think I will leave with one final point about the overall purpose of the Natural Gas Act, which is certainly important given the congressional purpose of recognizing the national importance of natural gas pipelines, which is important given the current global situations. But we need to remember that all roads under the Natural Gas Act lead to the federal courts, and the mischief that this would create to have in 50 different states a rush to the courthouse, even when people oppose FERC decisions, that they rush to state court because they want to go for the parochial interest that might be before the state court. And so we have clear federalism concerns here, and we do think there's a support. In the Wiener case that I mentioned to you, those federalism concerns, at least according to the judge there, in a pretty persuasive opinion, appear to point the other way. And so you have a civil procedure conundrum. And someday somebody may teach this in law school. I hope it's not on an exam, because I would probably flunk it. But it's a toughie, because as I said at the very outset, it's counterintuitive. Anything further you want to add? Just one final citation here. This is from a recent case from earlier this year, the Ut Indian Tribe versus Lawrence. It's a Tenth Circuit decision, I believe, from January of this year, 22nd F. 4th, 892. It supports the rationale that a federal appellate court can issue a permanent injunction without having to send the matter back down to the district court. So we do think there's support for that request as well. So thank you, Your Honor. Thank you very much. Thank you to both counsel for a very fascinating.